UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
            **Plaintiff**
v.                                              Case Number 8:95cr85-002

                                                USM Number 14609-047

**OLLIE PERRIMAN**
            **Defendant**
                                                **JULIE HANSEN**
                                                **Defendant's Attorney**

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to violation of the mandatory condition which states the defendant shall not commit another federal, state or local crime and standard condition 8 of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | New law violation | December 31, 2006 |
| 2 | Drug use | March 28, 2006 |
| 3 | Drug possession | December 31, 2006 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and *Booker/FanFan* decisions.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
March 14, 2008

s/ Joseph F. Bataillon
United States District Judge

March 25, 2008

Defendant: OLLIE PERRIMAN  Page 2 of 6
Case Number: 8:95CR85

## IMPRISONMENT

The defendant is hereby sentenced to the custody of the Bureau of Prisons for a term of one (1) day.

  (x) Defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this ____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt , above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this ____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: OLLIE PERRIMAN                                                                                          Page 3 of 6
Case Number: 8:95CR85

## SUPERVISED RELEASE

**The defendant shall remain on the current term of supervised release and that term of supervised release is extended to January 5, 2010.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  the defendant shall support his or her dependents and meet other family responsibilities;
5.  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the

Defendant: OLLIE PERRIMAN  
Case Number: 8:95CR85

Page 4 of 6

      probation officer;

11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall at his expense reside and successfully complete the rehabilitation program at the Williams Prepared Place for no less than six (6) months upon release from confinement. Thereafter the defendant, at his expense, must successfully participate and complete the Williams Prepared Place rehabilitation program, or similar program approved by the U.S. Probation Officer.

2. Paragraph # 7 of the Standard Conditions of Supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute or administer any alcohol, just the same as any other narcotic or controlled substance.

3. Defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the U.S. Probation Officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband. Any such items found may be seized by the U.S. Probation Officer. This condition may be invoked with or without the cooperation of law enforcement officers.

4. The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the U.S. Probation Officer.

5. Defendant shall provide the U.S. Probation Officer with access to any requested financial information.

6. The defendant shall not have any contact with Cynthia Griffin except for court appearances for divorce proceedings.

7. The defendant shall attend, pay for and successfully complete any anger management programs as directed by the probation officer.

8. Pursuant to 18 U.S.C. § 3583 (d), defendant shall submit to a drug test within fifteen (15) days of release on Supervised Release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, defendant shall submit to such testing as requested by any U.S. Probation Officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. Based on the defendant's ability to pay, defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances in an amount to be determined by the probation officer.

9. Defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement.

Defendant: OLLIE PERRIMAN                                                                                           Page 5 of 6
Case Number: 8:95CR85

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $50.00 (paid) | | |

### FINE

No fine imposed.

### RESTITUTION

No Restitution was ordered.

Defendant: OLLIE PERRIMAN  Page 6 of 6
Case Number: 8:95CR85

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay; payment of the total criminal monetary penalties shall be due as follows:

**The special assessment has been paid in full.**

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court. In the event a defendant is able to make a full or substantial payment toward the remaining criminal monetary penalty, he or she shall do so immediately.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk